# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                         :
                                                               :  Chapter 11
THE HERTZ CORPORATION, *et al.*,[1]                            :
                                                               :  Case No. 20-11218 (MFW)
       Debtors.                :
                                                               :  (Jointly Administered)
                                                               :
---------------------------------------------------------------- x
                                                               :
THE OFFICIAL COMMITTEE OF UNSECURED                            :
CREDITORS, on behalf of the estates of the Debtors,            :  **Adv. Pro. No. 20-50842 (MFW)**
                                                               :
       Plaintiff,              :
                                                               :
       v.                      :
                                                               :
BARCLAYS BANK PLC, solely as the holder of a first             :
lien and/or security interest in its capacity as collateral    :
agent under an Amended and Restated Guarantee and              :
Collateral Agreement dated November 2, 2017, and               :
BOKF, N.A., solely as the holder of a second lien              :
and/or security interest in its capacity as collateral agent   :
under the Second Lien Collateral Agreement dated June          :
6, 2017,                                                       :
                                                               :
       Defendants.             :  **Re: Adv. Docket Nos. 1, 9, and 10**
                                                               :
---------------------------------------------------------------- x

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
BOKF, N.A.'S MOTION TO DISMISS COUNTS II, III AND IV OF
THE COMPLAINT PURSUANT TO BANKRUPTCY CODE SECTION 546(E)**

---

[1] The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the Debtors' service address is 8501 Williams Road, Estero, FL 33928. Due to the large number of Debtors in these chapter 11 cases, for which joint administration for procedural purposes has been requested, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.primeclerk.com/hertz.

12211263/1

## **TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| ARGUMENT | | 5 |
| I. | THE COURT SHOULD DISMISS COUNTS II, III AND IV FOR FAILURE TO STATE A CLAIM BECAUSE OF THE SECTION 546(E) SAFE HARBOR. | 5 |
| | A. The Challenged Transfers are alleged to be "transfers" under section 546(e) | 6 |
| | B. The Prepetition Second Lien Agent is a "financial institution" | 6 |
| | C. The Prepetition Second Lien Indenture and Second Lien Collateral Agreement are "securities contracts" | 7 |
| | D. The Challenged Transfers were made "in connection with" the securities contracts | 10 |
| CONCLUSION | | 11 |

12211263/1

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                          **Page(s)**

*In re Bernard L. Madoff*,
    773 F.3d 411 (2d Cir. 2014) ........................................................................................................ 10

*In re Boston Generating LLC*,
    617 B.R. 442 (Bankr. S.D.N.Y. 2020) ........................................................................................ 10

*Brandt v. B.A. Capital Co. L.P. (In re Plassein Int'l Corp.)*,
    366 B.R. 318 (Bankr. D. Del. 2007) ............................................................................................ 6

*Buchwald Capital Advisors, LLC v. Papas*,
    584 B.R. 161 (E.D. Mich. 2018) ................................................................................................. 9

*In re Greektown Holdings, LLC*,
    765 F. App'x 132 (6th Cir. 2019) ............................................................................................... 9

*In re Greektown Holdings, LLC*,
    2015 WL 8229658 (Bankr. E.D. Mich. Nov. 24, 2015) ............................................................. 9

*In re Lehman Bros. Holdings Inc.*,
    469 B.R. 415 (Bankr. S.D.N.Y. 2012) ............................................................................... 6, 7, 10

*Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*,
    138 S. Ct. 883 (2018) ................................................................................................................. 8

*In re Quebecor World (USA) Inc.*,
    719 F.3d 94 (2d Cir. 2013) ......................................................................................................... 8

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013) ........................................................................... 10

*In re Tribune Co. Fraudulent Conveyance Litig.*,
    946 F.3d 66 (2d Cir. 2019) .................................................................................................. 7, 8, 9

*U.S. Express Lines, Ltd. v. Higgins*,
    281 F.3d 383 (3d Cir. 2002) ....................................................................................................... 6

**Statutes**

11 U.S.C. § 101(22) ........................................................................................................................ 7

11 U.S.C. § 101(49) ........................................................................................................................ 8

12211263/1

11 U.S.C. § 101(54) ...................................................................................................................6

11 U.S.C. § 546(e) ............................................................................................................... *passim*

11 U.S.C. § 741(7)(i), (vii), (x) ..................................................................................................7

11 U.S.C. § 741(7)(vii) ............................................................................................................10

11 U.S.C. § 741(7)(x) ..............................................................................................................10

**Other Authorities**

Federal Rule of Bankruptcy Procedure 7012(b) ........................................................................5

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................5

BOKF, N.A. ("**BOKF**" or the "**Prepetition Second Lien Agent**"), as indenture trustee and collateral agent under that certain Indenture[2] and First Supplemental Indenture, both dated as of June 6, 2017 (together, as amended, restated, amended and restated, supplemented, waived, or otherwise modified as of the date hereof, the "**Prepetition Second Lien Indenture**"), whereby The Hertz Corporation issued certain notes for the benefit of the Holders (as defined in the Prepetition Second Lien Indenture) (such Holders and BOKF together, the "**Second Lien Creditors**") respectfully submit this supplemental memorandum of law (the "**Supplemental Memorandum**") in support of their motion to dismiss the Complaint (the "**Complaint**" or "**Compl.**") (Main Case ECF No. 1272) *with prejudice* pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6) for failure to state a proper claim for relief.

## ARGUMENT

**I.    *THE COURT SHOULD DISMISS COUNTS II, III AND IV FOR FAILURE TO STATE A CLAIM BECAUSE OF THE SECTION 546(E) SAFE HARBOR.***

1.    As described more fully in the Joint Memorandum, this Court should find that the Challenged Transfers are not transfers made for the benefit of the Prepetition Secured Parties. *See* Joint Memorandum at 35-37.  However, should the Court find otherwise, the Court should nevertheless still dismiss Counts II, III and IV of the Complaint as to the Second Lien Creditors because the liens granted on collateral identified in the Second Lien Collateral Agreement, which was entered into in connection with the Prepetition Second Lien Notes that were issued pursuant to the Prepetition Second Lien Indenture, including the "Challenged Transfers," are protected by the Bankruptcy Code's Section 546(e) safe harbor. *See* 11 U.S.C. § 546(e).  Section 546(e)

---

[2] All capitalized terms not otherwise defined in this Supplemental Memorandum of Law shall have the meanings ascribed to them in the Joint Memorandum of Law in Support of Barclays Bank PLC and BOKF, N.A.'s Motion to Dismiss (the "**Joint Memorandum**").

provides that: "[T]he trustee may not avoid a transfer . . . that is a transfer made by or to (or for the benefit of) a . . . financial institution, financial participant, or securities clearing agency, in connection with a securities contract, as defined in section 741(7), . . . that is made before the commencement of the case, except under section 548(a)(1)(A) of this title." 11 U.S.C. § 546(e).

2. Courts will grant a motion to dismiss under Section 546(e) where it appears on the face of the complaint that the elements of the statute are satisfied. *See, e.g.*, *Brandt v. B.A. Capital Co. L.P. (In re Plassein Int'l Corp.)*, 366 B.R. 318, 322-26 (Bankr. D. Del. 2007) (granting motion to dismiss claims seeking to avoid transfers protected under safe harbor section 546(e)).[3] The assertions in the Complaint support a finding that the Challenged Transfers are "transfers" that the Debtors made "to . . . [a] financial institution . . . in connection with a securities contract" that are protected by Section 546(e). 11 U.S.C. § 546(e).

    A.    *The Challenged Transfers are alleged to be "transfers" under section 546(e)*

3. As an initial matter, the Challenged Transfers are alleged to be "transfers" under Sections 547 and 548. *See, e.g.*, Complaint ¶¶ 84-89, 91-96. As the term "transfer" has a single definition in the Bankruptcy Code, the Challenged Transfers would also be "transfers" under Section 546(e). *See* 11 U.S.C. § 101(54); *see also In re Lehman Bros. Holdings Inc.*, 469 B.R. 415, 440 (Bankr. S.D.N.Y. 2012) (holding that "the grant and perfection of liens under these 'securities contracts' constitute[d] 'transfers' for purposes of section 546(e)").

    B.    *The Prepetition Second Lien Agent is a "financial institution"*

---

[3] Only for purposes of this motion, the Prepetition Second Lien Agent assumes the truth of well-pleaded factual allegations, including allegations regarding the Debtors' accounts in Exhibits 1–5. On a motion to dismiss, the Court may also consider any "document integral or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Here, the Prepetition Second Lien Indenture, the Prepetition Second Lien Supplemental Indenture, and Second Lien Collateral Agreement, are expressly relied upon throughout the Complaint and/or are integral to the Committee's claims regarding the Collateral Agents' security interests, and therefore are attached as Exhibits 1-3 to the Declaration of Andrew I. Silfen filed contemporaneously therewith (the "**Silfen Decl.**").

4. Wells Fargo, National Association, the predecessor Prepetition Second Lien Agent,[4] is a "financial institution" to whom and for whose benefit the Challenged Transfers were made. Wells Fargo (and BOKF, as successor) acted as the Second Lien Creditors' holder and agent with respect to the Challenged Transfers and all liens granted pursuant to the terms of the Second Lien Collateral Agreement. *See* 11 U.S.C. § 101(22); *see also Lehman*, 469 B.R. at 437 (finding JPMorgan Chase, N.A. to be a financial institution and financial participant); *In re Tribune Co. Fraudulent Conveyance Litig.*, 946 F.3d 66, 77-81 (2d Cir. 2019) (petition for cert. filed) (holding that Tribune was a "financial institution" covered by the Section 546(e) safe harbor due to its status as a "customer" of a bank and trust company acting as its "agent" in challenged transactions, which were "in connection with" a securities contract). Thus, to the extent the Court holds that the Challenged Transfers were made to or for the benefit of the Secured Parties, then the Challenged Transfers were also made to and for the benefit of a financial institution.

### C. *The Prepetition Second Lien Indenture and Second Lien Collateral Agreement are "securities contracts"*

5. Further, the Challenged Transfers were made "in connection with a securities contract" because the Prepetition Second Lien Indenture and Second Lien Collateral Agreement are securities contracts. The Bankruptcy Code defines a "securities contract" to include "a contract for the purchase [or] sale . . . of a security . . . or option on any of the foregoing, including an option to purchase or sell any such security . . . and including any repurchase or reverse repurchase transaction on any such security . . . (whether or not such repurchase or reverse repurchase transaction is a 'repurchase agreement' as defined in section 101)," as well as "similar" or "related" agreements or transactions. 11 U.S.C. § 741(7)(i), (vii), (x).

---

[4] BOKF, also a financial institution, succeeded Wells Fargo as Prepetition Second Lien Agent.

6. The Prepetition Second Lien Indenture explicitly provided for not only the issuance of the Prepetition Second Lien Notes, *see* Compl. ¶ 20, but also additional circumstances authorizing or even requiring the purchase, sale, and redemption of the Prepetition Second Lien Notes.[5] For example, the Prepetition Second Lien Indenture provides for repurchase of the notes upon a change of control. *See* Prepetition Second Lien Indenture, Exh. 1 to Silfen Decl., § 415 ("Purchase of Notes Upon a Change of Control Triggering Event"); *see also id.*, A-12 (an "Option of Holder to Elect Purchase" in the "Form of Initial Note" attached as Exhibit A to the Second Lien Indenture).

7. The Prepetition Second Lien Indenture also provides for THC's optional redemption of the Prepetition Second Lien Notes prior to maturity at stipulated prices. *See* Prepetition Second Lien Indenture, Exh. 1 to Silfen Decl., Art. X, §§ 1000-1008; Prepetition Second Lien Supplemental Indenture, Exh. 2 to Silfen Decl., § 6 ("Redemption").

8. Recently, the United States Court of Appeals for the Second Circuit considered whether contracts involving "redemption" (similar to the Second Lien Indenture in the present case) are "securities contracts" under the Bankruptcy Code in *In re Tribune Co. Fraudulent Conveyance Litig.* ("*Tribune*"). 946 F.3d 66, 81 (2d Cir. 2019). The Second Circuit noted that the term "redemption" in the securities context, means "repurchase." *Id.* at 80-81 (citing *In re Quebecor World (USA) Inc.*, 719 F.3d 94, 99 (2d Cir. 2013) *abrogated on other grounds by Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 138 S. Ct. 883 (2018) ("Generally, 'to redeem is defined as to purchase back; to regain possession by payment of a stipulated price; to repurchase; to regain, as mortgage property, by paying what is due; to receive back by paying the obligation"); *see also Quebecor*, 719 F.3d at 98-99 (finding Note Purchase Agreements at issue were "clearly 'securities

---

[5] The definition of "security" under the Bankruptcy Code includes a "note." 11 U.S.C. § 101(49).

8

12211263/1

contracts' because they provided for both the original purchase and the 'repurchase' of the Notes"). Noting that Section 741(7)(i) defines "'securities contract' capaciously to include, inter alia, a 'contract for the purchase [or] sale ... of a security, ... including any repurchase ... transaction on any such security,'" the Second Circuit found based on this language that "all of the payments at issue, including those connected to the redemption of shares, were 'in connection with a securities contract.'" *Tribune*, 946 F.3d at 81 (emphasis in original).

9.  In a ruling issued prior to the *Tribune* decision, this Court noted at the motion to dismiss stage in *In re Qimonda Richmond, LLC* that it was "not persuaded that the Bonds and Indenture are *securities contracts* within the definitions in the Bankruptcy Code." 467 B.R. 318, 323 (Bankr. D. Del. 2012) (emphasis in original). However, that case concerned different bonds and indentures than in the present case, and the Court's ruling is distinguishable from the present facts.[6] In addition, the issue of whether redemption or repurchase of the notes was governed by the indentures themselves and whether that qualifies the indentures as "securities contracts" under the Bankruptcy Code was not briefed in *Qimonda*.

10.  Here, in contrast, the Prepetition Second Lien Indenture is, by its plain terms, a contract for the repurchase of notes (*i.e.*, securities) and therefore falls squarely within the

---

[6] In *Qimonda*, the predecessor of the Debtors borrowed $33,688,000 through the issuance of industrial revenue bonds by the Economic Development Authority of Henrico County, Virginia (the "**Bonds**") pursuant to an indenture (the "**Indenture**"). *Id.* at 320. In order to collateralize the Bonds, Citibank issued a letter of credit ("**LC**") in favor of the indenture trustee for the Bonds. *Id.* Under the LC, Citibank assumed the obligation to pay the indenture trustee upon a valid draw notice. In exchange for that undertaking, the debtors agreed to reimburse Citibank if the LC was drawn and gave Citibank certain liens on their assets to secure that obligation. During the 2008 financial crisis, the debtors directed the indenture trustee to redeem the Bonds, and the debtors then deposited funds in its account with Citibank to satisfy its obligations to Citibank under the LC. *Id.* Citibank debited the debtors' account for the amount due under the LC and paid that amount to the indenture trustee to retire the Bonds. *Id.* The indenture trustee sought to avoid both the deposit of the funds in the Citibank account, and Citibank's debiting of that account. *Id.* at 321. The facts in the present case are entirely distinguishable, not least because here there is no letter of credit or depositing of funds with the Second Lien Creditors. *See generally In re Greektown Holdings, LLC,* No. 08-53104, 2015 WL 8229658, at *17 (Bankr. E.D. Mich. Nov. 24, 2015), *aff'd sub nom. Buchwald Capital Advisors, LLC for Greektown Litig. Tr. v. Papas,* 584 B.R. 161 (E.D. Mich. 2018), *vacated and remanded for reconsideration in light of Merit,* 765 F. App'x 132 (6th Cir. 2019) (distinguishing *Qimonda* factually based on existence of connection between transfer and note purchase agreement).

definition of a "securities contract." *See Tribune*, 946 F.3d at 81.

11. A "securities contract" also includes "any other agreement or transaction that is similar to an agreement or transaction referred to in this paragraph." 11 U.S.C. § 741(7)(vii). *See In re Bernard L. Madoff*, 773 F.3d at 419 (recognizing that the Bankruptcy Code "expands the definition of 'securities contracts' to include '*any* other *agreement* or transaction that is *similar to*' a 'contract for the purchase, sale, or loan of a security[.]'" (emphasis in original). Thus, at minimum, the Prepetition Second Lien Indenture, which provides for the issuance, mandatory repurchase, and optional redemption of the Prepetition Second Lien Notes is "similar to" a contract for the "sale" or "purchase" of securities, and "option to purchase or sell any such security."

12. The qualification of the Prepetition Second Lien Indenture as a securities contract is critical because a "securities contract" also includes "any security agreement or arrangement or other credit enhancement related to" a securities contract. 11 U.S.C. § 741(7)(x). THC's obligations arising under or in connection with the Prepetition Second Lien Notes and Prepetition Second Lien Indenture are secured by collateral identified in and pursuant to the Second Lien Collateral Agreement. Compl. ¶ 21. Therefore, the Second Lien Collateral Agreement, which grants liens securing the Second Lien Notes issued under the Prepetition Second Lien Indenture, is also itself a "securities contract" by virtue of its integral relation to another securities contract. *See* Silfen Decl., Exh. 3. *See also Lehman*, 469 B.R. at 440 (applying safe harbor to a lien granted under a security agreement).

**D.    *The Challenged Transfers were made "in connection with" the securities contracts***

13. The Challenged Transfers were made "in connection with" the Prepetition Second Lien Indenture and the Second Lien Collateral Agreement. *See In re Boston Generating LLC*, 617 B.R. 442, 486 (Bankr. S.D.N.Y. 2020) ("Section 546(e) sets a low bar for the required relationship

10

12211263/1

between the securities contract and the transfer sought to be avoided, merely requiring that the transfer have a connection to the securities contract.") (internal quotation marks omitted); *Lehman*, 469 B.R. at 442 ("[T]he words 'in connection with' are to be interpreted liberally.") (internal citations omitted); *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2013 WL 1609154, at *9 (S.D.N.Y. Apr. 15, 2013) (finding "in connection with" means "related to" and does not depend on the debtor's involvement in the securities contract).

14. It is because of the Prepetition Second Lien Indenture and the Second Lien Collateral Agreement that the Second Lien Secured Creditors have liens on the Debtors' collateral, including those identified in the Complaint as "Challenged Transfers." The Second Lien Creditors' liens were granted in connection with the Prepetition Second Lien Indenture and Second Lien Collateral Agreement, and thus, "in connection with a securities contract."

15. In sum, the liens granted on collateral identified in the Second Lien Collateral Agreement, including the Challenged Transfers, were granted in connection with a securities contract and are therefore protected by the Section 546(e) safe harbor. Accordingly, the Court should dismiss Counts II, III and IV as to the Second Lien Secured Creditors.

## CONCLUSION

16. For the foregoing reasons, and the additional reasons set forth in the Joint Memorandum, the Prepetition Second Lien Agent respectfully requests that the Court dismiss *with prejudice* Counts II, III and IV of the Complaint.

Dated: October 13, 2020
Wilmington, Delaware

/s/ *Eric J. Monzo*
MORRIS JAMES LLP
Eric J. Monzo
Brya M. Keilson
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
          bkeilson@morrisjames.com

- and –

ARENT FOX LLP
Andrew I. Silfen, Esq.
Beth M. Brownstein, Esq.
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
E-mail: andrew.silfen@arentfox.com
          beth.brownstein@arentfox.com

*Counsel to BOKF, N.A.*